UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRELL COSSE, ET AL.                       CIVIL ACTION

VERSUS                                      19-12169

HARTFORD UNDERWRITERS                       SECTION: "J" (3)
INSURANCE COMPANY, ET
AL.

## ORDER & REASONS

Before the Court is a *Motion for Partial Summary Judgment on Liability and Comparative Fault* **(Rec. Doc. 40)** filed by Plaintiffs Darrell and Victoria Cosse. The motion is opposed by Defendants, Hartford Underwriters Insurance Company and Kenneth E. Newburger (Rec. Doc. 45), and Plaintiffs filed a reply (Rec. Doc. 48). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from an automobile collision involving Plaintiff Darrell Cosse and Defendant Newburger on October 26, 2018. On that day, Plaintiff was traveling westbound on Woodland Highway with several passengers in his car, including Nikhill Jeevaraj and Jesse Zinn.[1] Newburger was traveling east on Woodland Highway, attempting to follow the directions from his GPS device, but realized he was going the wrong way and pulled over to the side of the highway to

---

[1] (Dep. of Darrell Cosse, Rec. Doc. 40-5, at 8; Dep. of Nikhill Jeevaraj, Rec. Doc. 40-7, at 8; Dep. of Jesse Zinn, Rec. Doc. 40-8, at 8).

figure out how to turn around.[2] Newburger waited for three cars coming from behind him to pass and then made a U-turn, pulling out immediately in front of Plaintiff, who was coming from the opposite direction.[3] Plaintiff slammed on the brakes but was unable to avoid colliding with Newburger, and the front of Plaintiff's car struck the rear passenger's side of Newburger's vehicle.[4] Newburger was cited for improper starting and paid the fine.[5] Newburger admitted that he did not see Plaintiff's car prior to the collision.[6]

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or

---

[2] (Dep. of Kenneth Newburger, Rec. Doc. 40-6, at 11).

[3] *Id.* at 12; (Rec. Doc. 40-5, at 8-9; Rec. Doc. 40-7, at 8).

[4] (Rec. Doc. 40-5, at 9-10; Rec. Doc. 40-7, at 8).

[5] (Rec. Doc. 40-6, at 8); *see* New Orleans, La., Code of Ordinances § 154-438(a) ("No person shall start a vehicle which is stopped, standing or parked unless and until such movement can be made with reasonable safety, or without interfering with the right-of-way of other vehicles travelling lawfully in adjacent or intersecting lanes of traffic."); *see also* LA. R.S. 32:103.

[6] (Rec. Doc. 40-6, at 23).

unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

## DISCUSSION

Plaintiffs seek summary judgment on the issue of liability and comparative fault, arguing that Defendants cannot overcome the presumption of fault or show that any other person was at fault. Defendants contend that Plaintiffs have failed to establish a prima facie case for summary judgment and that a contested fact issue exists as to whether Newburger was paying attention.

> The jurisprudence of this state is well settled that a motorist who attempts to make a left turn from a public highway is required to ascertain in advance that the way is clear and that the turn can be made safely and without endangering oncoming or overtaking vehicles and he must yield the right of way to such vehicles. The failure of a left turning motorist to make such a determination and to exercise the required degree of caution before undertaking to make such a turn constitutes negligence.

*Lang v. Cage*, 554 So.2d 1312, 1316 (La. App. 1st Cir. 1989) (citations omitted), *writ denied*, 558 So.2d 605 (La. 1990). *Lang* involved a situation similar to this case: the parties were driving in opposite directions when the plaintiff made a left turn and pulled out in front of the defendant, resulting in a collision. 554 So.2d at 1313. At trial, the trial court determined that the defendant was negligent and 30% at fault based on conflicting testimony that the defendant was going six to eight miles per hour over the speed limit. *Id.* at 1314-15. On appeal, the court of appeal upheld the trial court's finding on the defendant's speed as not manifestly erroneous. *Id.* at 1316. Nevertheless, the court reversed the trial court's judgment, finding that there was no evidence that the defendant was negligent and that the plaintiff was solely at fault. *See id.* at 1316-17.

Here, Newburger was cited for improper starting and admitted that he did not see Plaintiff's vehicle before making the U-turn. Plaintiff testified that "[t]here was no way of avoiding hitting him."[7] Mr. Jeevaraj, one of Plaintiff's passengers, similarly testified that "when you're going that fast, it's tough to avoid a collision."[8] Defendants assert that a fact issue exists as to whether Newburger was paying attention and contend that he was; however, this is clearly controverted by his deposition testimony that he did not see Plaintiff's vehicle before turning.[9] Moreover, Defendants have not provided any evidence suggesting that Plaintiff or any other party was negligent and contributed to causing the accident. Therefore, Defendants have failed to show that

---

[7] (Rec. Doc. 40-5, at 9).

[8] (Rec. Doc. 40-7, at 8).

[9] (Rec. Doc. 40-6, at 23) ("Q. The vehicle driven by the other individual, Mr. Darrell Cosse, did you see his vehicle at any point prior to the contact between your vehicle and his vehicle? A. I did not.").

a genuine dispute of material fact exists, and summary judgment for Plaintiffs is proper.

**<u>CONCLUSION</u>**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion for Partial Summary Judgment on Liability and Comparative Fault* **(Rec. Doc. 40)** is **GRANTED**.

New Orleans, Louisiana, this 23rd day of April, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE